```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 11-21173-CIV-SEITZ
                              MAGISTRATE JUDGE P. A. WHITE
```

CLAUDYCHEL LEYVA,                  :

      Plaintiff,              :

v.                                 :         <u>REPORT OF</u>
                                                                        <u>MAGISTRATE JUDGE</u>
NURSE DWARES, ET AL.,              :

      Defendants.             :
_____

## I.   <u>Introduction</u>

The plaintiff, Claudychel Leyva, currently incarcerated at the Apalachee Correctional Institution, filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983, alleging denial of adequate medical treatment while at Dade Correctional Institution. [DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II.   <u>Analysis</u>

A.  <u>Applicable Law for Screening</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

      Sec. 1915 Proceedings in Forma Pauperis

              *   *   *

```
        (e)(2) Notwithstanding any filing fee, or
   any portion thereof, that may have been paid,
   the court shall dismiss the case at any time
   if the court determines that –


                    *   *   *


   (B) the action or appeal –


                    *   *   *


   (i)   is frivolous or malicious;


   (ii) fails to state a claim on which
   relief may be granted; or


   (iii) seeks monetary relief from a
   defendant who is immune from such
   relief.
```

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,

325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

B. <u>Factual Allegations</u>

The plaintiff names the following defendants, employed at Dade Correctional Institution:

1. Nurses Dwares and Gray
2. Drs. Aguilar and Poveda
3. Officers Marlow, Donaldson and Murray
4. Classification Officer Koel

The plaintiff alleges that on July 20, 2010, he was in a Transitional Care Unit at Dade CI, when he was attacked by an inmate with a broomstick and seriously injured. He was placed in handcuffs. Medical personnel arrived on the scene and treated him for an eye injury, but did not address his injured right hand. He was escorted to a single confinement cell. He complained to Marlowe, Donaldson, Murray, Koel and every other nurse/medical personnel he encountered, that he was in pain as a result of his injured hand. On July 23, 2010, seventy two hours later, Lt. Hogan alerted medical staff. He was examined by Dwares and Gray. They ordered pain medications Flexoril and Naproxyn. A splint, and ice were ordered, if permitted by security, and the nurses stated an X-ray was needed. He received the pain medication six days later. On July 29, 2010, he was taken to the medical department and Dwares acknowledged he needed an x-ray. He contends she failed to order

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

immediate medical treatment at that time, but issued an urgent acute trauma "Consultation Request" to Drs. Aguilar and Poveda.

On July 31, 2010, the mobile x-ray unit arrived at Dade CI, and his right hand was x-rayed and revealed a fracture. He did not receive medical attention until August 2, 2010, thirteen days after his hand was fractured, when he was transported to an orthopedist specialist who applied a cast. He seeks compensatory and punitive damages and other relief.

C.  Analysis of Sufficiency of Complaint

Denial of Medical Care

The plaintiff alleges that the defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs by not providing adequate care for his injury and delaying his care.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).  An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams,

61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of

medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997).  The "deliberate indifference" standard may be met in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g., Waldrop v. Evans, 871 F.2d 1030, 1033 (11 Cir. 1989).

Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a §1983 claim.  Estelle v. Gamble, supra.  In fact, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred.  Hamm, supra.  Treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure," Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5 Cir. 1980). It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, supra at 1058.

Moreover, the Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle v. Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was

7

contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

1. Serious Medical Need

The plaintiff has sufficiently alleged that he had a serious medical need, an injured hand, causing him pain. As the plaintiff has demonstrated a serious medical need, the analysis can continue to determine whether the plaintiff has sufficiently alleged deliberate indifference.

2. Deliberate Indifference

The plaintiff alleges that the defendants were deliberately indifferent to his medical needs. However, the facts as stated previously in this Report do not support this claim. The plaintiff states he was initially injured on July 20, 2010. On July 23, 2010, three days after his initial injury, an officer alerted the medical staff. He was provided pain medication by Nurses Dwares and Gray, although he claims it was delayed for six days,[2] and that they recommended further treatment, if permitted by security. They

---

[2] He provides no facts to explain the circumstances which caused the delay in receiving the medication.

further indicated that an X-ray was needed. He was taken to the Medical Department on July 29, 2010, and the nurses issued an urgent acute trauma "Consultation Request" to Drs. Aguilar and Poveda. Two days later his hand was X-rayed by the mobile X-ray unit, which arrived at Dade CI, and the fracture was discovered. He was transported to an Orthopedist on August 2, 2010, thirteen days later, and a cast was applied. The total time taken to have an X-ray taken and place a cast on the plaintiff's arm was less than two weeks.

The plaintiff has failed to detail any allegations that evidence that any defendant acted with deliberate indifference to his serious medical needs, which is a prerequisite to raising a constitutional claim. As discussed above, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred. The plaintiff was seen multiple times by the defendants, prescribed medication, although minimally delayed, had X-rays taken, and his hand was placed in a cast. In sum the plaintiff has not adequately shown that any defendant acted with a culpable state of mind in denying or delaying medical treatment.

### III.  Conclusion

Based on the foregoing, it is recommended that the plaintiff has failed to demonstrate a denial of medical care in violation of his constitutional rights. This Complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

If the plaintiff is permitted to file an amended complaint, he must demonstrate how a named medical personnel deliberately ignored his medical condition and failed to provide him with care.

It is so recommended at Miami, Florida, this 19th day of May, 2011.

                                             UNITED STATES MAGISTRATE JUDGE

cc:   Claudychel Leyva, Pro Se
      DC No. M14707
      Apalachee CI
      Address of record