UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21173-CIV-SEITZ/WHITE

CLAUDYCHEL LEYVA,

    Plaintiff,

v.

NURSE DWARES *et al.*,

    Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION; AND DISMISSING IN PART COMPLAINT WITH LEAVE TO REPLEAD

THIS MATTER is before the Court upon the Report and Recommendation ("Report") [DE 6] of the Honorable Patrick A. White, United States Magistrate Judge, recommending that, while Plaintiff's 42 U.S.C. § 1983 civil rights complaint [DE 1] must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), he be granted leave to replead. Plaintiff objects to Judge White's application of the facts to the law. [DE 7]. The Court has carefully reviewed, *de novo*, the Report, Plaintiff's objection, as well as the entire record and pertinent legal authorities, and will sustain Plaintiff's objections. The Court finds that Judge White's findings of fact are not clearly erroneous and that he correctly applied the law to the facts to determine that Plaintiff alleges he had a serious medical need, and his conclusions of law as to the medical personnel are not contrary to law. The Court will affirm those findings and recommendations and permit Plaintiff to file an amended complaint to provide additional facts to demonstrate that each named medical personnel deliberately ignored his medical condition and failed to provide him with care. As to the prison guards, the Court finds that the facts alleged are sufficient to permit Plaintiff to proceed without amendment.

    I.    BACKGROUND

This is a *pro se* civil rights action under 42 U.S.C. § 1983 for alleged deliberate indifference to

Plaintiff's medical needs arising out of a delay in treating Plaintiff's broken hand while he was incarcerated at the Dade Correctional Institution. Plaintiff alleges that the delay in treating his broken hand constitutes cruel and unusual punishment. He has named eight defendants: four members of the prison's medical staff, Registered Nurse J. Dwares, Registered Nurse Gray, Dr. Aguilar and Dr. Poveda; and four prison guards, Major Marlow, Lieutenant Travis Donaldson, Lieutenant Murray and Officer Koel.

On July 20, 2010, Plaintiff broke his hand defending himself from an attack by a fellow inmate. [DE 1 ¶ 2]. Unspecified prison medical personnel conducted an on-scene examination and treated Plaintiff for "an obvious eye injury that was bleeding profusely," but did not treat Plaintiff's injured hand. [*Id.* ¶ 4]. After the attack, Plaintiff was sent to a single confinement cell where he complained to Defendants Marlowe, Donaldson, Murray and Koel about his injured hand and showed each of the Defendants his bruised hand, which "had swelled to three times its normal size." [*Id.* ¶¶ 5-6]. Three days later, on July 23, 2010, Plaintiff showed his hand to non-party Lieutenant Hogan, who "immediately alerted medical staff" of Plaintiff's need for treatment. [*Id.* ¶ 7].

On July 23, 2010, Defendants Nurse Dwares and Nurse Gray examined Plaintiff and ordered pain medication, and, if permitted by security, a splint and ice. [*Id.* ¶ 8]. "Plaintiff did not at any time receive 'splint or ice'; [and] the ordered pain medication was not dispensed until six (6) days later – *i.e.*, July 29, 2010." [*Id.*] Plaintiff was returned to his cell where he continued to complain to unspecified prison guards of his injured hand. [*Id.* ¶ 9]. On July 29, 2010, Nurse Dwares examined Plaintiff a second time and issued an urgent acute trauma "Consultation Request" to Drs. Aguilar and Poveda. [*Id.* ¶ 10]. Plaintiff did not receive medical care on July 29, 2010, but was returned to his cell where Plaintiff continued to complain to unspecified prison guards of his injured hand. [*Id.* ¶¶ 10-11]. On July

31, 2010, a mobile x-ray unit arrived at the prison and Plaintiff's hand was x-rayed. [*Id.* ¶ 12]. The x-ray revealed that Plaintiff's hand was fractured. [*Id.*] On August 2, 2010, Plaintiff was transported to an orthopedist, who placed Plaintiff's hand in a cast. [*Id.* ¶ 14].

## II. LEGAL STANDARD

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted). To state an Eighth Amendment claim for failure to provide medical treatment, Plaintiff must plead that he had a serious medical need, the Defendants were deliberately indifferent to that need, and he was injured by the Defendants' deliberate indifference. To plead deliberate indifference, Plaintiff must allege facts to show that each named Defendant had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) (alteration in original) (internal quotation marks omitted).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same under 28 U.S.C. § 1915 as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B), the Court must review the factual allegations in the complaint and "determine if they plausibly suggest an entitlement to relief." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court may exercise its judgment, drawing upon its judicial experience and common sense, in deciding whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.

## III. DISCUSSION

Judge White found that the Plaintiff adequately pleads a serious medical need, but fails to allege facts that evince deliberate indifference to that need. Judge White bases this conclusion on Plaintiff's

allegations that he was examined multiple times by medical personnel and the total time between injury and treatment was less than two-weeks. According to Judge White, once an inmate receives medical care, courts are hesitant to find that an Eighth Amendment violation occurred.

In his objection, Plaintiff argues that the treating medical personnel were deliberately indifferent to his medical needs because they permitted Plaintiff to return to his cell rather than immediately treat his hand. Furthermore, Plaintiff argues that the Defendant prison guards were aware that Plaintiff had an obvious medical need, yet deliberately ignored Plaintiff's needs. Finally, Plaintiff argues that Judge White's conclusion that because Plaintiff received treatment within two-weeks of the injury, there was not an unreasonable delay is contrary to law.

### A.     *Medical Personnel*

Plaintiff's present allegations against the medical personnel do not rise to the level of cruel and unusual punishment proscribed by the Eighth Amendment. Plaintiff believes that on July 23, 2010 and on July 29, 2010, medical personnel should have immediately treated Plaintiff rather than delegate the medical treatment to the prison guards. Although Plaintiff alleges that the medical personnel were deliberately indifferent to his medical needs, the facts alleged suggest otherwise. In the thirteen days between the injury and receiving treatment, Plaintiff claims that he was examined by prison medical personnel five times. There is no indication that Drs. Aguilar or Poveda were aware of Plaintiff's medical condition and Plaintiff alleges no more than a disagreement with Nurse Dwares' and Nurse Gray's medical judgment. The treatment decisions of which he complains are not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental unfairness" so as to violate the Eighth Amendment. At best, Plaintiff alleges the medical personnel were negligent in delegating the responsibility for providing a splint and ice and not providing the treatment themselves. Negligence, even gross negligence, does not violate of the Eighth Amendment.

*See Estelle*, 429 U.S. at 105-106; *Farmer v. Brennan*, 511 U.S. 825 (1994).

In an abundance of caution, the Court will permit Plaintiff to amend his complaint to allege facts that would demonstrate how a named medical personnel deliberately ignored his medical condition and failed to provide care. When amending his complaint, Plaintiff must allege facts that show that both Dr. Aguilar and Dr. Poveda had actual knowledge of Plaintiff's serious medical needs and that both Dr. Aguilar and Dr. Poveda disregarded Plaintiff's need for medical treatment. This requires allegations that explain each physician's responsibilities when a nurse makes an "'urgent' acute trauma 'Consultation Request,'" and that Dr. Aguilar and Dr. Poveda's conduct was so grossly incompetent or inadequate as to shock the conscious.

As to Nurse Dwares and Nurse Gray, Plaintiff must allege facts that demonstrate their decisions to order but not dispense pain medication; delegate to prison staff the responsibility of providing a splint and ice; and decline to order medical treatment at an outside facility, were so grossly incompetent or inadequate as to shock the conscious. This requires Plaintiff to allege facts that explain how medication usually is dispensed at the Dade Correctional Institution, and that Nurse Dwares and Nurse Gray's decision to order pain medication rather than dispense the medication themselves was the reason for the six-day delay in dispensing medication and that there was no other cause for the delay. The same level of detail is required for allegations regarding the nurses' decision to delegate to prison staff the responsibility of providing a splint and ice rather than provide the treatment themselves; that the decision not only disregarded Plaintiff's medical needs, but was so grossly incompetent as to shock the conscious. Similarly, Plaintiff must allege facts to show that the decision to wait for a mobile x-ray unit to arrive at Dade Correctional Institution on July 31, 2010 rather than transport Plaintiff to an outside medical facility for x-rays on July 23, 2010 or July 29, 2010, deliberately ignored Plaintiff's needs and was so grossly incompetent or inadequate as to shock the conscious.

### B.     *Prison Guards*

The Court will decline to adopt Judge White's conclusions of law regarding the prison guards because the allegations in the complaint plausibly suggest the prison guards were deliberately indifferent to Plaintiff's serious medical need. Plaintiff alleges that he was in "extreme pain" and complained to prison guards for three days before a guard alerted medical personnel of Plaintiff's serious medical need. Additionally, Plaintiff alleges that as soon as Plaintiff showed his hand to Lieutenant Hogan, he "immediately alerted medical staff" of Plaintiff's need for treatment. [*Id.* ¶ 7]. An unnecessary delay in access to medical care can be "tantamount to unnecessary and wanton infliction of pain." *Adam v. Poag*, 61 F.3d 1537, 1544 (11th Cir. 1995); *but see Estelle*, 429 U.S. at 107 (stating that a matter of medical judgement does not represent cruel and unusual punishment). "The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). "[K]nowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989). "When prison guards ignore without explanation a prisoner's serious medical condition that is known or obvious to them, the trier of fact may infer deliberate indifference." *Harris*, 21 F.3d at 393. As such, Plaintiff has alleged sufficient facts to permit the complaint to proceed to the point where responsive pleadings are required from the prison guards.

### IV.    CONCLUSION

After carefully reviewing the Report, Plaintiff's objection, as well as the entire record and pertinent legal authorities, the Court finds that Judge White's findings of fact are not clearly erroneous and that his conclusions of law as to the medical personnel are not contrary to law. The Court will affirm those findings and recommendations and permit Plaintiff to file an amended complaint to provide additional facts to demonstrate that each named medical personnel deliberately ignored his medical

condition and failed to provide him with care. As to the prison guards, the Court will sustain Plaintiff's objections and decline to affirm Judge White's conclusions of law. The Court finds that the facts alleged against the prison guards are sufficient to permit Plaintiff to proceed without amendment if Plaintiff so chooses. Therefore, it is

ORDERED that

(1) The Court will AFFIRM Judge White's finding of facts and Judge White's recommendation to permit Plaintiff to file an amended complaint to add allegations against the named medical personnel, but otherwise DECLINE to adopt Judge White's conclusions of law [DE 6].

(2) Plaintiff's Objection [DE 7] is SUSTAINED.

(3) Pursuant to 28 U.S.C. § 1915, Defendants Nurse Dwares, Nurse Gray, Dr. Aguilar and Dr. Poveda are DISMISSED WITHOUT PREJUDICE.

(4) No later than **September 19, 2011**, Plaintiff shall file an Amended Complaint in which he must demonstrate that each named medical personnel deliberately ignored his medical condition and failed to provide him with care.

(5) If Plaintiff does not file an Amended Complaint by such date, the action shall proceed against Defendants Major Marlow, Lieutenant Travis Donaldson, Lieutenant Murray and Officer Koel, only.

(6) This matter remains REFERRED to Magistrate Judge White for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters.

DONE and ORDERED in Miami, Florida, this 17 day of August, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
Counsel of Record/*Pro Se* Parties